No. 14-36, 14-37

In the
United States Court of Appeals for the Second Circuit

New York State Rifle and Pistol Association, Inc.; Westchester County Firearms Owners Association, Inc.; Sportsmen's Association for Firearms Education, Inc.; New York State Amateur Trapshooting Association, Inc.; Bedell Custom; Beikrich Ammunition Corporation; Blueline Tactical & Police Supply, LLC; Batavia Marine & Sporting Supply; William Nojay; Thomas Galvin; and Roger Horvath,

Plaintiffs-Appellants-Cross-Appellees,

— v. —

Andrew M. Cuomo, Governor of the State of New York; Eric T. Schneiderman, Attorney General of the State of New York; and Joseph A. D'Amico, Superintendent of the New York State Police,

Defendants-Appellees-Cross-Appellants,

Frank A. Sedita, III, District Attorney for Erie County; Gerald J. Gill, Chief of Police for the Town of Lancaster, New York; and Lawrence Friedman,

Defendants-Appellees.

DECLARATION OF DAVID D. JENSEN, ESQ.

I, David D. Jensen, declare as follows:

1.      I am a member of the bar of this Court.  I am over 18 years of age and am competent to testify on my own behalf.  I submit this Declaration in support of the motion of Second Amendment Foundation, Inc., Long Island Firearms, LLC,

Matthew Caron, Matthew Gudger, Jeffrey Murray, MD, Gary Wehner, John Amidon, and Nunzio Calce (the "Amici") for leave to file an amici curiae brief within 7 days of the date that Plaintiffs-Appellants-Cross-Appellees ("Plaintiffs") file their combined response and reply brief.

2.     As set forth below, all of the parties in this action have consented to both:  (a) Amici's proposal to file an amici curiae brief; and (b) the present motion.

3.     Amici are plaintiffs in the action <u>Caron v. Cuomo</u>, which is pending before the United States District Court for the Northern District of New York under the docket number 1:13-cv-1211 (the "<u>Caron</u> Action").  The <u>Caron</u> Action challenges the constitutionality of § 265.37 of the New York Penal Law, which prohibits individuals from loading more than 7 rounds of ammunition into otherwise lawful 8-, 9-, and 10-round ammunition magazines.  The <u>Caron</u> Action does not challenge any other provision of New York's firearms laws.

4.     The appeal and cross-appeal concern various aspects of New York law enacted as part of (or in amendment to) the Secure Ammunition and Firearms Enforcement ("SAFE") Act, one of which is § 265.37.

5.     On December 31, 2013, in the decision appealed from here, Chief District Judge William M. Skretny upheld some of the challenged provisions of the SAFE Act and overturned others.  One of the provisions that Judge Skretny overturned as unconstitutional was § 265.37.

6.      After Judge Skretny's decision, Defendants-Appellees-Cross-Appellants ("Defendants") filed a notice of cross-appeal seeking (*inter alia*) to reverse that part of Judge Skretny's decision that held § 265.37 unconstitutional.

7.      Also after Judge Skretny's decision, Amici and the other parties in the Caron Action entered into a stipulation under which Governor Cuomo and Superintendent D'Amico (also Defendants herein) agreed not to enforce § 265.37 throughout New York State pending the outcome of the appeal at bar.  As such, Amici have a direct stake in the outcome of this appeal.

8.      Because there is a cross-appeal, FRAP 28.1(c) mandates that Plaintiffs file their principal brief first.  After this, Defendants will file a combined principal brief and response brief that will both respond to Plaintiffs' arguments and present Defendants' reasons for (*inter alia*) upholding the constitutionality of § 265.37. Plaintiffs will then file a combined response and reply brief that will (*inter alia*) respond to Defendants' arguments for upholding § 265.37.  Hence, the two briefs that will principally address § 265.37 are Defendants' principal/response brief and Plaintiffs' following response/reply brief.

9.      FRAP 29(e) requires Amici to submit their brief "7 days after the principal brief of the party being supported," unless the Court grants leave for later filing.  However, the principal brief of Plaintiffs (the party that Amici support) does not meaningfully address § 265.37, as Plaintiffs do not challenge that aspect

of Judge Skretny's ruling. Logically, based on the structure of FRAP 29, Amici should file their brief after Plaintiffs file their combined response/reply brief, as this will be the "principal" brief of Plaintiffs that addresses § 265.37.

10. In light of this issue, the assigned case manager advised counsel to submit the present motion.

11. Counsel for Plaintiffs, Defendants, and Defendant-Appellee Gerald Gill have all consented to both the filing of the proposed brief of Amici and the present motion for leave. Defendants-Appellees Lawrence Friedman and Frank Sedita have not appeared in this appeal. Although the docket indicates that Mr. Sedita has appeared by attorney Shawn P. Hennessy, Mr. Hennessy's office advised on May 6, 2014 that Mr. Sedita is not participating.

12. As such, Amici respectfully request that the Court grant them leave to file their brief within 7 days of the date that Plaintiffs file their combined response/reply brief.

> I affirm all of the foregoing statements under penalty of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746.

Dated: May 8, 2014

 /s/ David D. Jensen
David D. Jensen
111 John Street, Suite 420
New York, New York 10038
(212) 380-6615
david@djensenpllc.com