# Cooper & Kirk
Lawyers
A Professional Limited Liability Company
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036

David H. Thompson
dthompson@cooperkirk.com

(202) 220-9600
Fax (202) 220-9601

May 11, 2015

**VIA ELECTRONIC FILING**
Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals
  for the Second Circuit
40 Foley Square
New York, NY 10007

> Re: *New York State Rifle & Pistol Ass'n, Inc. v. Cuomo*, Nos. 14-36(L), 14-37(XAP).

Dear Ms. Wolfe:

Appellants in *Shew v. Malloy*, No. 14-319, have explained why this Court should not follow the majority in the Seventh Circuit's divided panel decision in *Friedman v. City of Highland Park, Illinois*, 2015 WL 1883498 (7th Cir. Apr. 27, 2015). *See Shew*, Dkt. Entry 197. New York's Rule 28(j) letter fails to rehabilitate the Seventh Circuit's flawed decision.

*First*, the Seventh Circuit's ruminations about machineguns are irrelevant. The firearms at issue in *Highland Park*, and at issue here, are semiautomatic. They are not machineguns. As the Supreme Court has recognized, semiautomatic firearms—specifically including AR-15 rifles—"traditionally have been widely accepted as lawful possessions," while "machineguns" have not. *Staples v. United States*, 511 U.S. 600, 611, 612 (1994).

*Second*, while machineguns may have been "all too common in Chicago" during Prohibition, Slip Op. 4, the question under *Heller* is whether a firearm is commonly "possessed by *law-abiding* citizens for *lawful* purposes." *District of Columbia v. Heller*, 554 U.S. 570, 625 (2008) (emphases added). Machinegun use by Prohibition-era gangsters does nothing to establish that machineguns would have been constitutionally protected at the time.

*Third*, nothing in *Heller* suggests "that the weapons properly in private hands . . . might change through legal regulation," Slip Op. 4—particularly not through regulation in the form of a ban of entire categories of protected arms. To the contrary, *Heller* held that the Second Amendment "elevates *above all other interests* the right of law-abiding, responsible citizens to use arms in defense of hearth and home." 554 U.S. at 635 (emphasis added).

*Finally*, the Seventh Circuit conceded that "assault weapons *can be beneficial for self-defense* because they are lighter than many rifles *and less dangerous per shot* than large-caliber pistols or revolvers." Slip Op. 9 (emphases added). While the Court suggested (erroneously, in our view) that "assault weapons *with large-capacity magazines*" may be unduly "dangerous," *id.* (emphasis added), this reasoning provides absolutely no support for banning firearms *and* magazines rather than just magazines. While both bans violate the Second Amendment, the Seventh Circuit's opinion unwittingly underscores why the firearm ban, at a minimum, is unconstitutional.

                                                Sincerely,

                                                s/ David H. Thompson
                                                David H. Thompson
                                                COOPER & KIRK, PLLC
                                                1523 New Hampshire Avenue, N.W.
                                                Washington, D.C. 20036
                                                Tel: (202) 220-9600
                                                Fax: (202) 220-9601
                                                *Attorney for Plaintiffs-Appellants-Cross-Appellees*

cc:     Counsel of record (via ECF)