

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL

July 15, 2015

Catherine O'Hagan Wolfe, Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

    Re:    *New York Pistol and Rifle Ass'n v. Cuomo*, Nos. 14-36(L), 14-37(XAP)

Dear Ms. Wolfe:

    I respond to appellants' Rule 28(j) letter regarding the Supreme Court's decision in *Johnson v. United States*, No. 13-7120 (U.S. June 26, 2015). *Johnson* does not support appellants' vagueness challenges to the SAFE Act.

    *Johnson*'s holding that the residual clause of the Armed Career Criminal Act was impermissibly vague rested on the Court's "[n]ine years' experience trying to derive meaning from [it]," Slip Op. at 10, and the fact that numerous other federal courts also "had trouble making sense of the residual clause," *id.* at 9. The challenged terms of the SAFE Act, many of which have long been used in other firearm statutes, have not engendered any comparable confusion. State Br. 71–76, 81–84; State Reply 23–27.

    Further, the statute in *Johnson* required a court to determine—in order to find that a defendant's prior offense constituted a predicate for enhanced sentencing—what the "ordinary" form of that offense would be. Slip Op. at 5. The Court found this "abstract inquiry" to be inherently speculative, thereby making the statute vague. *Id.* at 12. No such task is required to apply the SAFE Act, which specifically enumerates the characteristics that cause a firearm to be prohibited. The Court made clear in *Johnson* that its reasoning was limited to the particular problem that it found in the application of the ACCA's residual clause. *See id.* at 12 (stating that the Court's holding does not cast into "constitutional doubt" other provisions employing similar terms, but not requiring a similar mode of application).

Finally, *Johnson* does not alter the standard for facial vagueness challenges in any way relevant to appellants' challenge to the SAFE Act. In holding that the Armed Career Criminal Act's residual clause could be unconstitutional on its face without being "vague[] in *all* applications," *id.* at 11 (emphasis added), the Court did not suggest that a statute could be facially invalidated if its meaning is clear in at least the vast majority of cases—as are the SAFE Act's terms, *see* State Br. at 69–70.

Respectfully yours,

/s/ Claude S. Platton
CLAUDE S. PLATTON
Assistant Solicitor General
claude.platton@ag.ny.gov
(212) 416-6511

cc: Counsel of record (via ECF)